Jason M. Ingber Esq. (SBN: 318323)
**INGBER LAW GROUP**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
T: (310) 270-0089
ji@jasoningber.com

Attorney for Plaintiff Svetlana Boukhny

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Svetlana Boukhny, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>Drop Technologies Inc., a Delaware Corporation,<br><br>　　　　　　*Defendant*.<br>_____ | CASE NO:<br><br>**CLASS ACTION COMPLAINT**<br><br>**(1) FRAUD**<br><br>**(2) NEGLIGENCE**<br><br>**(3) Unfair Competition Law (California Business & Professions Code §17200)**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

# INTRODUCTION

**COMES NOW**, Plaintiff Svetlana Boukhny ("Plaintiff") on behalf of herself and all others similarly situated, brings this class action against and Drop Technologies Inc., a Delaware Corporation ("Drop App" or "Defendants"), on information and belief, formed after reasonable inquiry under the circumstances:

# JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2. Diversity jurisdiction exists, as the amount in controversy exceeds $75,000 and complete diversity of citizenship exists as Plaintiff is a citizen of California and the Defendant is incorporated in Delaware.

3. This Court has jurisdiction over this action pursuant to Fraud, Negligence and Violation of Unfair Competition Law (California Business & Professions Code §17200).

4. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, including the County of Los Angeles. The majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California, County of Los Angeles. Defendants employed Plaintiff within the State of California, County of Los Angeles.

## PARTIES

5. Plaintiff Svetlana Boukhny is a resident of Laguna Niguel, Orange County, California. Plaintiff began using the Drop application approximately seven years ago and has accumulated over $1,000 worth of unredeemable points due to Drop's deceptive practices.

6. Defendant Drop Technologies Inc. is a corporation formed in Delaware and operates the Drop app, a mobile platform designed to reward users with points for making purchases through partners over 500 brands, including Amazon, Starbucks and Uber.

7. At all times herein relevant, Defendant Drop Technologies Inc., and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief allege that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

**COMPLAINT**

## GENERAL ALLEGATIONS

9. Approximately seven years ago, Plaintiff began using the Drop app, a mobile application designed to reward users with points for shopping at participating retailers. Users link their credit cards to the app, and Drop tracks purchases made with these cards, awarding points based on spending and available promotions.

10. Plaintiff was attracted to Drop due to its advertised promise of earning points on everyday purchases that could be redeemed for gift cards to popular retailers. She followed all of Drop's instructions to ensure her accounts were linked properly and began accumulating points.

11. Despite regularly using the app and accumulating over $1,000 worth of points, Plaintiff encountered substantial difficulties when trying to redeem them for gift cards. Gift cards were consistently "sold out" within seconds of becoming available, despite Plaintiff's attempts to redeem points promptly.

12. Drop promoted this rewards system as a seamless and effortless process, encouraging users to link their credit cards and make purchases through the app or directly at retailers using linked cards, with the promise of accruing points redeemable for valuable rewards.

13. Plaintiff and Class Members were led to believe that the points earned through the Drop app could be used to redeem gift cards without significant difficulty or restriction.

14. Despite accumulating points through the Drop app as instructed, Plaintiff and Class Members repeatedly encountered significant obstacles when attempting to redeem these points for gift cards.

15. Drop instituted a weekly "gift card drop" system, wherein a limited number of gift cards were made available for redemption at a specific time. However, these

gift cards were consistently "sold out" within seconds of becoming available, making it virtually impossible for users to redeem their points.

16. Even when attempting to redeem points promptly at the designated time, Plaintiff and Class Members were denied the opportunity to obtain gift cards due to Drop's inadequate and unworkable redemption system.

17. Plaintiff and Class Members relied on Drop's false representations and continued to use the app under the assumption that they would eventually be able to redeem their points for gift cards, as promised.

18. Plaintiff and Class Members accumulated thousands of points over the years, which should have been redeemable for significant monetary value in the form of gift cards. However, these points remain unusable due to Drop's defective and deceptive system.

19. In response to the redemption issues, Plaintiff and Class Members reached out to Drop's customer support on numerous occasions. However, Drop failed to provide any meaningful assistance or resolution.

20. Drop's customer service representatives provided generic and unsatisfactory responses, consistently failing to address the root cause of the problem or offer any viable solutions for redeeming points.

21. Plaintiff and Class Members have provided valuable consumer data to Drop by linking their credit cards, which Drop likely monetized through partnerships with retailers. Drop was unjustly enriched by profiting from these transactions while failing to deliver the promised rewards.

22. Drop's deceptive practices have affected thousands of users across the United States, as evidenced by over 200 complaints filed with the Better Business Bureau (BBB) and numerous online reviews detailing similar experiences with unredeemable points.

23. The systemic issues with Drop's redemption process and the misleading nature of its advertising demonstrate a pattern of fraudulent conduct, impacting a large number of consumers.

24. Plaintiff and Class Members seek relief for the economic harm they have suffered, as well as injunctive relief to prevent Drop from continuing to deceive and harm other consumers in the same manner.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, or as otherwise appropriate under California law. The Class is defined as:

**All individuals in California who have used the Drop App and have accumulated points that they were unable to redeem for gift cards.**

26. The class is defined as all persons in California who, within the four years preceding the filing of this Complaint, made it impossible for users to redeem their earned points for gift cards, in direct contradiction to Drop's promises.

27. Plaintiff's claims are typical of the claims of the Class, and she will fairly and adequately represent and protect the interests of the Class.

28. The class is ascertainable, and there is a well-defined community of interest in the litigation:
   a. **Numerosity:** The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' records.

b. **Typicality:** Plaintiff's claims are typical of all other class members' claims as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom Plaintiff has a well-defined community of interest.

c. **Adequacy:** Plaintiff will fairly and adequately protect the interests of each class member, with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. **Public Policy Consideration:** A class action will serve the public interest by holding Drop Technologies Inc. accountable for widespread unlawful practices and ensuring that all affected consumers receive appropriate remedies. It will also deter similar conduct by Drop Technologies Inc. and other companies in the future.

29. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual members, including:

    a. Whether Drop engaged in **fraudulent practices**;

    b. Whether Drop was **negligent** in maintaining a functional redemption system;

    c. Whether Drop's actions violated **Unfair Competition Law**

- 7 -
**COMPLAINT**

**(California Business & Professions Code §17200)**

30. Plaintiff's claims are typical of the claims of the class.

31. Plaintiff will fairly and adequately protect the interests of the class.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of thousands of individuals.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## FRAUD
### (Against Drop Technologies Inc.)

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Drop intentionally misrepresented that users could earn and redeem points for gift cards through its app, despite knowing that it was nearly impossible for users to redeem the points.

36. Plaintiff and Class Members relied on Drop's false promises and suffered damages in the form of unredeemable points and wasted time.

37. Drop intentionally misrepresented to users that they could earn and redeem points for gift cards through its app. These misrepresentations were made through advertising, user agreements, and app interfaces, all of which indicated that points would be redeemable in a fair and accessible manner.

38. Despite Drop's representations, it was aware that the system it created made it nearly impossible for users to redeem their points. Drop knowingly designed a system in which gift cards were made available for only a few seconds, consistently

showing as "sold out" immediately after becoming available. Drop's conduct was intended to induce users to continue making purchases through the app while preventing them from reaping the rewards.

39. As a result of Drop's fraudulent misrepresentations, Plaintiff and Class Members suffered harm, including but not limited to the inability to redeem accumulated points, wasted time and effort, and the deprivation of the promised benefits of the app.

40. Drop's fraudulent conduct was willful, malicious, and in reckless disregard of Plaintiff's and Class Members' rights, warranting an award of punitive damages to deter such conduct in the future.

41. Plaintiff and Class Members are entitled to compensatory damages, restitution, and punitive damages to rectify the harm caused by Drop's fraudulent actions.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
### (Against Drop Technologies Inc.)

42. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Drop owed a duty to its users to maintain a functional rewards system that allowed users to redeem points as advertised.

44. Drop breached this duty by failing to ensure the proper functioning of its app, leading to an accumulation of unredeemable points.

45. Drop owed Plaintiff and Class Members a duty of care to operate a rewards program that functioned as advertised and to ensure that users could redeem points for rewards in a reasonable and fair manner.

46. Drop breached this duty by negligently failing to design, implement, and maintain a redemption system that allowed users to redeem points they had rightfully earned. Drop's negligence extended to its failure to address and correct known flaws in the system, including frequent and widespread complaints regarding unredeemable points and "sold out" gift cards.

47. Drop further breached its duty by failing to provide adequate customer support to address and rectify the issues raised by Plaintiff and other users, leading to continued accumulation of unusable points and increased frustration.

48. As a direct and proximate result of Drop's negligence, Plaintiff and Class Members suffered substantial economic harm, including but not limited to the loss of over $1,000 worth of points, loss of expected benefits, and the loss of the time and effort spent attempting to redeem points.

49. Plaintiff and Class Members are entitled to compensatory damages for the harm caused by Drop's negligent failure to operate its rewards program in a reasonable and functional manner.

### THIRD CAUSE OF ACTION
**(Violation of Unfair Competition Law, California Business & Professions Code §17200)**
**(Against Drop Technologies Inc.)**

50. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

51. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief to affected members of the general public as remedies for any violations of the UCL.

52. Drop's conduct constitutes unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law (UCL). Drop misled

**COMPLAINT**

consumers into using its app by promising easily redeemable points, which were never delivered as advertised.

53. The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. These acts and practices have no utility that outweighs their substantial harm to consumers.

54. The business acts and practices of Drop Technologies Inc. constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

55. The unlawful, unfair and fraudulent business acts and practices of defendants described herein present a continuing threat to Plaintiff and members of the general public in that Drop Technologies Inc. is currently engaging in such acts and practices and will persist and continue to do so unless and until a public injunction is issued by this Court.

56. Additionally, Defendant's conduct constitutes "fraudulent" business practices under the UCL because Defendant's misrepresentations and omissions were likely to deceive, and did deceive, members of the public, including Plaintiff.

57. Drop's conduct is unfair as it deprives consumers of the benefits they were promised and misleads them into participating in a rewards program that does not deliver.

58. Drop engaged in unlawful practices by violating California consumer protection laws, including false advertising statutes. It misled consumers into believing they could easily redeem points for rewards when it was, in fact, systematically making redemption impossible.

59. Drop's conduct was unfair because it undermined the reasonable expectations of users who engaged in the Drop rewards program. By failing to deliver

the promised rewards and creating artificial obstacles to redemption, Drop unjustly enriched itself at the expense of Plaintiff and Class Members.

60. Drop's fraudulent practices involved baiting consumers with promises of valuable rewards that were intentionally designed to be difficult or impossible to redeem, constituting a classic bait-and-switch tactic.

61. Plaintiff and Class Members seek restitution, including the value of unredeemable points, and injunctive relief to prevent Drop from continuing its deceptive and unfair business practices. Plaintiff and Class Members also seek any other relief deemed appropriate by the Court to ensure Drop ceases its unlawful conduct.

62. Plaintiff also seeks any other relief the Court deems just and proper, including attorneys' fees and costs, as permitted under the UCL.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

1. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Designation of Plaintiff as the Class Representative and her counsel as Class Counsel;

3. Compensatory damages, including actual, statutory, and punitive damages as allowed by law;

4. Restitution and disgorgement of all profits obtained by Defendant as a result of their unlawful, unfair, and fraudulent practices;

5. Injunctive relief requiring Defendant to cease their unlawful, unfair, and fraudulent practices, including but not limited to, correcting all inaccurate and negative credit reporting related to Plaintiff and the class;

6. A declaration that Defendant's actions constitutes Negligence;

7. An order enjoining Defendant from further violations of UCL;

8. An award of actual damages to Plaintiff and the class, including damages for emotional distress, mental anguish, and financial harm;

9. An award of statutory damages to Plaintiff and the class, as provided under the UCL;

10. An award of punitive damages as permitted by law for Defendant's willful and malicious conduct;

11. Attorneys' fees and costs of suit as provided by law, including under the UCL;

12. Pre-judgment and post-judgment interest at the maximum rate permitted by law;

13. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

**PLAINTIFF**, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

DATED: September 13, 2024

*Jason Ingber*
Jason M. Ingber, Esq.
**INGBER LAW GROUP**
Attorney for Plaintiff